Hughes, J.,
delivered tlie opinion of the Court.
This case was tried, decided, and reported to Congress before the passage of the act giving to this court the power of rendering final judgments. The court -reported a hill in favor of the plaintiff for thirty-two thousand two hundred and thirty-eight dollars and seventy-nine cents.
The House of Representatives increased the amount of the finding to eighty-nine thousand five hundred and ninety-three dollars and twenty-six cents, and passed the bill.
Afterwards, by the concurrent action of the Senate and House, the case was referred hack to this court. The court, upon the plaintiff’s application, then granted a new trial, and the case is now to be decided upon the rehearing.
The material facts are clearly set forth in the first and second opinions of Judge Scarhurgh, which are a part of the printed record, and no new facts have been adduced upon the present hearing.
The principal matter of controversy now relates to the assessment of damages.
After fall argument and mature consideration, we are of opinion that the plaintiff ought to recover, and we assess his damages at the sum of ninety-three thousand seven hundred and sixty dollars.
We have measured the damages by the rule “ that the gain or profit of which the contractor was deprived ” by the refusal on the part of the United States to allow him to proceed with and perform his contract is a proper subject of damages. (13 Howard, 344.)
In making an application of this rule to the facts of this case, we allow the claimant rent for the first two years at the stipulated rate of *107 twenty-five thousand dollars per annum, amounting to fifty thousand dollars. We find that the contract (which was for a lease of ten years) provided that at the end of two years the rent for the two years next ensuing might have been fixed by appraisement, and so on for every period of two years covered by the lease; but in no ease was the rent to exceed twenty-five thousand dollars per annum. (Contract, art. 5.)
The evidence shows that rents in California, during1 this term of ten years, fell off and decreased to the extent of thirty per cent.
Wo hold that, in estimating the profits to accrue under this contract, we may, without according to the United States a benefit which could only inure to them by a performance on their part, make such a reduction from the annual rate of rent reserved as it is plain would have been made in the proper administration of the contract, allowing to the plaintiff all he would or ought to have received upon a full performance by him.
We therefore, from the evidence, estimate the rate of annual compensation for the last eight years of the term at seventeen thousand five hundred dollars, being a reduction of thirty per cent, from the rate reserved for the first two years.
At this rate, eight years’ rent amounts to the sum of one hundred and forty thousand dollars, making a sum total of rents for the full term of ten years of one hundred and ninety thousand dollars.
What part of this sum would have been clear profit is to be ascertained by deducting from it the interest upon the whole investment required on the part of the plaintiff in the full performance of his contract; also, all taxes liable to have been assessed upon the property, and reasonable charges for repairs.
We estimate the whole investment required, as shown by the evidence, as follows:
Cost of lot......................................... $20, 000
Cost of iron........................................ 19, 495
Cost of other materials and work...................... 37,745
Making the sum of............................ 77, 240
The interest on this sum for the term of ten years, at ten peícent. per annum, (the California'rate,) exactly equals the principal; therefore we have for the first item of reduction............................................ $77,240
Mr. Carlisle for the claimant.
Mr. J. D. McPherson, Assistant Solicitor, for the government.
Brought forward.............................. $77,240
The assessments for the first four years would have been... 8, 000
The assessments for the last six years.................. 6, 000
Repairs, &c., for the term of ten years, not less than...... 5, 000
Making the aggregate of reduction............... 96, 240
Which, subtracted from $190,000, the aggregate of rents, leaves ninety-three thousand seven hundred and sixty dollars as the clear profit on the contract. For this sum we render judgment in favor of the plaintiff.
Lorjng, J., dissented on the merits.